**NOT FOR PUBLICATION**

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| MICHAEL PISCIOTTA,<br><br>    Plaintiff,<br>  v.<br><br>PERLEN STEEL CORP., RICHARD PERLEN, TODD POLAKOFF, TEAMSTERS LOCAL UNION NO. 11, REY LOPEZ, JOHN DOES 1-10,<br><br>    Defendants. | Civil Action No. 10-4302 (KSH)<br><br>**OPINION** |

**Katharine S. Hayden, U.S.D.J.**

  Defendants Teamsters Local Union No.11 and Rey Lopez (collectively "the Union") have moved to dismiss count three of plaintiff Michael Pisciotta's amended complaint.

  Pisciotta's lawsuit stems from his firing by defendant Perlen Steel Corporation ("Perlen Steel") in September 2009. The amended complaint (D.E. 15) alleges: wrongful termination by Perlen Steel in violation of its collective bargaining agreement with the Union; breach of the duty of fair representation by the Union for failing to protect Pisciotta's rights after his firing; and intentional infliction of emotional distress.[1]

  Defendants removed this action to federal court in August 2010 based on Pisciotta's federal claim for breach of duty of fair representation ("DFR") in count three of the complaint (D.E. 1), which is made pursuant to the National Labor Relations Act, 29 U.S.C. §§ 151–169. The Union argues in this motion that Pisciotta filed his DFR claim outside the six-month limitations

---

[1] By letter of November 19, 2010 (D.E. 16), plaintiff withdrew his New Jersey Family Leave Act claim.

period established by the Supreme Court in *DelCostello v. Teamsters*, 462 U.S. 151, 171 (1982). The Union also argues that Pisciotta fails to state a claim upon which relief can be granted because his complaint pleads "mere negligence in the handling of his grievance," and not that the Union's conduct toward him was "arbitrary, discriminatory, or in bad faith." *Vaca v. Sipes*, 386 U.S. 171, 190 (1967).

In deciding a motion to dismiss, the Court must determine whether there the complaint contains "sufficient factual matter" to show that the plaintiff's claim is "facially plausible." *Fowler v. UPMC Shadyside*, 578 F.3d 203 (3d Cir. 2009)(quoting *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949–50 (2009)). For the purposes of deciding a motion to dismiss, the Court "must accept all the complaint's well-pleaded facts as true." *Id.* at 578 F.3d 210–11.

The Court finds that the complaint sufficiently alleges facts to support bad faith on the part of the Union. The complaint alleges that the defendants "affirmatively misled [Pisciotta] concerning his grievance and the scheduling of arbitration." (Compl. ¶ 27.) The alleged misrepresentations cited in the complaint include: statements made by Lopez, the Union's vice-president, that he "was meeting with Richard Perlen in an attempt to resolve the situation prior to arbitration" (Compl. ¶ 22); repeated assurances by defendants to Pisciotta "that his grievance was being reviewed" (Compl. ¶ 24); and an alleged conversation in January 2010, during which "Mr. Pisciotta was personally told by Rey Lopez that the Union was handling the matter and that arbitration would be scheduled if the matter couldn't be resolved otherwise." (Compl. at Count 3 ¶ 9.)

The misrepresentations alleged in the complaint also lead the Court to find that the complaint should not be dismissed as untimely. Courts have created two formulas to

determine when the six-month limitations period for a DFR claim begins to run: the discovery rule, which starts the clock when the "plaintiff discovers, or in the exercise of reasonable diligence should have discovered, the acts forming the alleged violation," and the futility rule, which begins the limitations period "when the futility of relying on union assistance becomes apparent or should have become apparent to the plaintiff." *Balsavage v. Ryder Truck Rental, Inc.*, 712 F. Supp. 461, 468 (D.N.J. 1989)(internal citations omitted); *see also Albright v. Virtue*, 273 F.3d 564, 566 (3d Cir. 2001). The Third Circuit follows the futility rule, and has noted that in some cases "the futility of further union appeals may not be clear to employee plaintiffs because union officials may well be equivocal or contradictory in their communications." *Albright,* 273 F.3d at 573 (internal citations omitted).

Here, Pisciotta's complaint alleges that the defendants repeatedly and intentionally misled him until April 2010 about the progress of his grievance and the arbitration process with respect to his firing. (Compl. ¶ 26.) The Court is satisfied that Pisciotta's complaint sufficiently pleads facts to establish that it did not become reasonably apparent that "any appeals through the union were futile" until April 2010, *Albright,* 273 F.3d at 566, and therefore his complaint, which was filed in June 2010, was timely.

Accordingly, defendants' motion to dismiss (D.E. 19) is **denied.**

June 30, 2011

/s/ Katharine S. Hayden
Katharine S. Hayden, U.S.D.J.